UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:14-CR-000125-DCLC-CRW |
| v. | ) | |
| DEVIN DUANE STOUT, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 45]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 46].

**I.  BACKGROUND**

On April 2, 2015, Defendant pleaded guilty to one count being a felon in possession of a firearm [Docs. 13, 16]. Based on a total offense level of 34 and a criminal history category of VI, Defendant's guideline range was 262 to 327 months [Doc. 18, ¶ 89]. However, because of the 10-year statutory maximum, Defendant's guideline range was 120 months. *See* U.S.S.G. § 5G1.1(a). Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the Court sentenced Defendant to an agreed-upon sentence of 100 months [Doc. 13, ¶ 6; Doc. 34, pg. 2]. Defendant is currently housed at USP Atwater with a projected release date of January 18, 2030. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 9, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 45].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Relevant here, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points. Specifically, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant's subtotal criminal history score was 15 and he received two additional status points for committing the offense while under a criminal justice sentence for Washington County Criminal Court [Doc. 18, ¶ 58]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 16 criminal history points instead of 17. But Defendant would still be in criminal history category IV and his guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 45] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge